**United States District Court**
**Southern District of New York**

---

**M.G.**, individually and on behalf of **J.P.**

        *Plaintiffs*,

-against-

**New York City Department of Education**,

        *Defendant*.

Civ. No. _____

**Complaint**

---

**Preliminary Statement**

This is an action to enforce a judgment by the New York City Department of Education's Impartial Hearing Office. The Hearing Officer found that Defendant, the New York City Department of Education, violated Plaintiffs' rights under the Individuals with Disabilities Education Improvement Act ("IDEA"),[1] 20 U.S.C. § 1400, *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 ("Section 504"), and New York State law.

**Jurisdiction and Venue**

1. This Court has jurisdiction over Plaintiffs' IDEA claims under 20 U.S.C. § 1415, 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C.§ 1331,

---

[1] The IDEA was reauthorized in 2007 as the Individuals with Disabilities Education Improvement Act; however, the statute is still commonly referred to as the "IDEA."

and for the award of reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, and 28 U.S.C. §§ 1331 and 1367.

2. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to adjudicate any state claims that arise out of the same facts as the federal claims asserted herein.

3. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as it is the judicial district in which Defendant is situated or resides.

4. This Court has jurisdiction under 28 U.S.C. § 1331 because claims are asserted under the laws of the United States; under 28 U.S.C. § 1343(a) because claims are asserted under laws providing for protection of civil rights; and under 20 U.S.C. § 1415, 42 U.S.C. § 1983, and 29 U.S.C. § 794, *et. seq.*

5. If successful, Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(j)(3)(B) *et. seq*.

**Parties**

6. Plaintiff M.G. is the parent and natural guardian of J.P., a now eleven-year-old girl who had been classified as a student with a disability.[2]

7. At all times relevant, M.G. and J.P. resided in New York, New York.

8. Plaintiff J.P. is a student with a disability and eligible for a Free Appropriate Public Education ("FAPE") under the Individuals with Disabilities Education Act.

---

[2] Initials are used throughout this complaint in accordance with the IDEA, the Family Educational Rights and Private Act of 1974, Federal Rule of Civil Procedure 5.2, and the Electronic Case Filing Rules & Instructions of the Southern District of New York 21.3.

9. J.P. is also eligible for a FAPE under Section 504 of the Americans with Disabilities Act ("ADA") and is protected from discrimination based upon her disability.

10. Upon information and belief, the New York City Department of Education is a local educational agency ("LEA") as defined in the IDEA.

11. Upon information and belief, the New York City Department of Education is a corporate body, created by Article 52 of the New York State Education Law, CLS Educ. Law § 2550 *et seq.*, that manages and controls the public school system of New York City. *See* 20 U.S.C. § 1415(a); N.Y. Educ. Law § 2590.

12. Upon information and belief, the New York City Department of Education receives funding pursuant to the IDEA, and therefore must comply with that statute's provisions, including providing a FAPE to all students with educationally handicapping conditions. *See* 20 U.S.C. § 1412.

13. Upon information and belief, the New York City Department of Education's principal place of business is 52 Chambers Street, New York, New York 10007.

14. Upon information and belief, the New York City Department of Education is responsible for developing policies with respect to the administration and operation of the public schools in New York City, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g (McKinney 1980).

**Legal Framework**

15.     The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE. 20 U.S.C. § 1412(a)(1).

16.     Not only children with disabilities have legal rights under IDEA; their parents are also entitled to assert legal rights on their own behalf. *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 529 (2007).

17.     One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

18.     Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA") or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

19.     The IDEA sets forth detailed requirements for hearing procedures. *See* 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511–516.35. In New York City, the New York City Department of Education is responsible for ensuring that impartial hearings comport with the IDEA's requirements.

20.     Congress, moreover, has abrogated state sovereign immunity "from suit in Federal court for a violation of [IDEA]." 20 U.S.C. § 1403(a). Thus, "[i]n a suit against a State for a violation of [IDEA], remedies (including remedies both at law and in equity) are

available for such a violation to the same extent as those remedies are available for such a violation in the suit against any public entity other than a State." 20 U.S.C. § 1403(b).

21. One of IDEA's key procedural safeguards is "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

22. In New York, the primary means for initiating a special education dispute is the filing of a written "request for an impartial due process hearing" with the New York City Department of Education's Impartial Hearing Office. 8 NYCRR § 200.5(j). *See also* NYSED, Special Education, http://www.p12.nysed.gov/specialed/lawsregs/home.html (last updated July 19, 2019).

23. Upon receipt of the parent's due process complaint notice, "the board of education shall arrange for an impartial due process hearing to be conducted." 8 NYCRR § 200.5(j)(3).

24. Upon the issuance of a decision and order from the impartial hearing, parties have forty calendar days to appeal the decision. N.Y. Educ. Law § 4404; 8 NYCRR § 279.4(a); *see also* N.Y. State Education Department, *How to Give Notice of Appeal*, OFFICE OF STATE REVIEW, https://www.sro.nysed.gov/book/how-give-notice-appeal (last visited October 27, 2021).

25. Upon the expiration of the forty days, the Hearing Officer's order and decision becomes final and non-appealable.

26. In subsequent school years, a student may invoke pendency entitlements (also known as a "stay put" program) in a due process complaint for that subsequent school year. 20 U.S.C. §1415(j). The pendency entitlement "allows the child [to] remain in the then-current educational placement of the child." *Id.*

27. Under the IDEA, a student's pendency is an automatic and unconditional right. 20 U.S.C. § 1415(j). Despite this, The New York City Department of Education requires that students' pendency entitlements must first pass an additional threshold by requiring students' advocates to secure an Order of Pendency ("OP" also known as an Interim Order on Pendency or "IO") before it will honor a student's automatic and unconditional right to pendency or issue a statement of agreement, either of which is contrary to applicable law. This is true even when the New York City Department of Education does not contest the pendency program that was invoked.

28. Upon information and belief, the New York City Department of Education is the only school district in New York that forces students and their advocates to seek an OP from an impartial hearing officer even when it does not contest the pendency invoked in the due process complaint.

29. Pendency is retroactive to the date of the filing of the due process complaint. *See Mackey v. Bd. of Educ.*, 386 F.3d 158, 163 (2d Cir. 2004).

30. Plaintiffs seek to secure the statutory attorneys' fees and other recoverable costs that Plaintiffs may be awarded.

31.  Upon information and belief, the New York City Department of Education's Impartial Hearing Order Implementation Unit is charged with timely complying with the Hearing Officer's decision.

## Facts

### 2020–2021 School Year—Impartial Hearing Case Number 203449

32.  On August 14, 2020, Plaintiffs gave the New York City Department of Education notice that they intended to place J.P. at Quad Prep School due to the New York City Department of Education's failure to offer J.P. a FAPE for the 2020-2021 school year.

33.  Plaintiffs filed a due process complaint on November 2, 2020 seeking reimbursement for J.P.'s tuition at the Quad School for the 2020-2021 school year.

34.  The due process complaint was processed as case number 203449.

35.  On March 23, 2021, Plaintiffs filed an amended due process complaint in response to a January 26, 2021, IEP meeting and the New York City Department of Education's placement recommendation.

36.  The hearing in case number 203449 was held over five days, on May 11, 2021, June 9, 2021, July 8, 2021, August 19, 2021, and September 17, 2021.

37.  Plaintiffs introduced twenty-seven exhibits into evidence.

38.  Defendant introduced eight exhibits.

39.  Plaintiffs called four witnesses for their case in chief.

40.  Defendant called one witness.

41. On October 9, 2021, the impartial hearing officer issued a twenty-one page decision in Plaintiffs' favor.

42. Specifically, the impartial hearing officer found the following:

   a. The New York City Department of Education failed to offer J.P. a free appropriate public education for the 2020-2021 school year;

   b. The parents sustained their burden to show that the unilateral placement of J.P. at Quad Prep was appropriate to meet her needs for 2020-2021 school year;

   c. The equitable considerations supported awarding the Plaintiffs reimbursement for J.P.'s tuition at Quad Prep.

   d. The New York City Department of Education was ordered to pay $83,750 for J.P.'s tuition.

43. The New York City Department of Education did not appeal the Hearing Officer's decision and it is now final and non-appealable.

44. Plaintiffs are therefore the prevailing party and are entitled to their reasonable attorneys' fees and costs.

45. Despite requests made to New York City Department of Education's Impartial Hearing Office Implementation Unit, the New York City Department of Education has not complied with the October 9, 2021, final order and decision.

46. Under the Hearing Officer's decision, the New York City Department of Education still owes $83,750 for J.P.'s tuition.

47. The Plaintiffs also incurred attorneys' fees obtaining the Hearing Officers' decision and continue to incur attorneys' fees in this matter.

48. This action is timely brought to recover attorneys' fees.

49. Under the fee-shifting provisions of the IDEA statute, Plaintiffs should be awarded their reasonable attorneys' fees and other recoverable costs incurred at the impartial hearing level, in their efforts to enforce the Order, and in this action.

50. Defendant has not complied with Plaintiffs' pendency rights under the Hearing Officer's October 9, 2021, decision.

## Causes of Action

**FIRST CAUSE OF ACTION**
**THE IDEA—2020-2021 School Year—Failure to Comply With the Hearing Officer's October 9, 2021 Decision, in Impartial Hearing Case Number 203449**

51. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

52. The Hearing Officer's October 9, 2021, decision ordered the New York City Department of Education to pay Plaintiffs $83,750 for J.P.'s tuition.

53. The Hearing Officer's decision is now a final, non-appealable decision.

54. Defendant has failed to implement fully the Hearing Officer's October 9, 2021, final decision. Defendant has not paid Plaintiffs $83,750 for J.P.'s tuition for the 2020-21 school year, for which Defendant failed to offer J.P. a FAPE.

## SECOND CAUSE OF ACTION
**THE IDEA - 2021-2022 School Year Pendency Entitlement**

55. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

56. J.P.'s pendency rights under the Hearing Officer's October 9, 2021, decision include tuition to remain at the Quad School.

57. Defendant has repeatedly failed to comply with the IDEA's procedural requirements, including its mandate to provide J.P. with her stay put entitlements.

58. Defendant failed to reimburse Plaintiffs for $65,963.00 for tuition at Quad Prep, for the 2021-2022 school year.

59. Defendant has failed to reimburse Plaintiffs as required by law and has denied Plaintiffs their stay put rights under the IDEA, in violation of the IDEA.

## THIRD CAUSE OF ACTION
**Attorneys' Fees for Case Number 203449 and Enforcing the Order from that Case**

60. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

61. This action follows a trial that resulted in an impartial hearing officer's decision, on the merits, in Plaintiffs' favor that also established Plaintiffs' status as a substantially prevailing party for purposes of IDEA's fee-shifting provisions.

62. Plaintiffs seek to secure the statutory attorneys' fees and other recoverable costs that Plaintiffs may be awarded in this fee application action and in the underlying

administrative proceedings, as a prevailing party in impartial hearing case 203449 pursuant to the express fee-shifting provisions of the IDEA. 20 U.S.C. §§ 1415(i)(3)(A)-(G).

63. Plaintiffs are the substantially prevailing party and are entitled to an award of costs and reasonable attorneys' fees.

64. Defendant has not paid to Plaintiffs any attorneys' fees or costs incurred for the 2020-2021 school year action.

## Conclusion

WHEREFORE, Plaintiff respectfully requests that the Court:

i. Assume jurisdiction over this action;

ii. Issue a declaratory judgment that Defendant has violated Plaintiffs' rights as alleged herein;

iii. Issue an Order requiring Defendant to pay $83,750 that it has not paid to satisfy the Hearing Officer's October 9, 2021, decision, plus interest;

iv. Award Plaintiffs reasonable attorneys' fees and costs in accordance with Plaintiffs' status as the prevailing party in case number 203449;

v. Award Plaintiffs their pendency right to reimbursement for J.P.'s tuition for the 2021-2022 school year, which at the time of filing is $65,963.00, plus interest, but will continue to increase;

vi. Order the Defendant to pay Plaintiffs' reasonable attorneys' fees and costs incurred in Plaintiffs' work implementing the decisions in case number 203449 and this ensuing action;

vii. Order the Plaintiffs to submit a fee petition for the work implementing the Hearing Officer's decisions and for this ensuing action; and

viii. Award such other, and further, relief as to the Court may seem just and proper.

Dated: January 20, 2022
Tysons Corner, Virginia

Respectfully submitted,

By: _____
William DeVinney (WTD 7117)
BRIGLIA HUNDLEY, PC
1921 Gallows Road, Suite 750
Tysons Corner, VA 22182
wdevinney@brigliahundley.com
Phone: (703) 883-0880
Fax: (703) 883-0899

*Attorneys for Plaintiffs*